[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14144
This is an administrative appeal by the plaintiff Gerald A. Joseloff, from a declaratory ruling issued by the defendant, Department of Transportation ("DOT"), on November 22, 1999. DOT gave an interpretation of General Statutes § 13b-389 relating to whether a person issued a certificate of public convenience to transport household goods may delegate that authority to an agent. From a negative determination by DOT, the plaintiff has appealed pursuant to General Statutes §§ 4-176
(h) and 4-183.
The factual background to this appeal is as follows. Joseloff is an attorney in private practice specializing in transportation law. (Appeal Complaint, p. 2, ¶ 1.) In 1988, in the course of representing a client, A 21st Century Van Lines ("A 21st Century"), Joseloff recommended that A 21st Century enter into a lease relationship with an established moving company while A 21st Century's authorization to operate as a motor common carrier was being reviewed by DOT. (Plaintiff's Brief in Support of Appeal, Appendix 1, ¶¶ 4, 10.)[1]
An adjudicator for DOT rejected A 21st Century's application on June 24, 1998, finding that a lease arrangement is not allowed under Connecticut law. (Return of Record, ("ROR"), Item 7, December 8, 1998 Final Decision, p. 1.)[2] The adjudicator's final decision included an admonishment of Joseloff for his legal advice regarding the leasing arrangement that he had recommended to A 21st Century. (See Plaintiff's Exhibit A.) Joseloff pursued an administrative appeal, pro se, from the June, 1998 decision. Joseloff v. Connecticut Department ofTransportation, Superior Court, judicial district of New Britain, Docket No. 492719 ("Joseloff I").
That case was withdrawn after settlement negotiations between Joseloff and DOT. (Plaintiff's Exhibit B.) A release was issued by Joseloff on April 1, 1999, as a condition of DOT removing from the June 24, 1998, final decision any reference to the negative comment about Joseloff. The release provided that Joseloff had not foreclosed his right to seek a declaratory ruling "on any subject within the jurisdiction of the Connecticut Department of Transportation" including the prior A 215t Century final decision. The release also discharged the State of Connecticut and the DOT from the possibility of any "appeals" arising from matters relating to the A 215t Century final decision.[3] (Exhibit A.)
On July 29, 1999, Joseloff asked DOT for a declaratory ruling that "an agency arrangement between a certificated carrier/principal and an CT Page 14145 uncertificated carrier/agent is not illegal "per se' in Connecticut." (ROR, Item 4, July 29, 1999 Petition for Declaratory Ruling, p. 20.) On November 22, 1999, DOT issued its declaratory ruling holding: "The use of an agent who does not possess a certificate of public . . . convenience to transport household goods for hire violates the provisions of §13b-389 of the Connecticut General Statutes." (ROR, Item 2, Connecticut Department of Transportation Declaratory Ruling 99-1, p. 3, ¶ 5.)
On December 13, 1999, Joseloff filed this administrative appeal claiming that DOT did not consider his issues properly and erroneously concluded that a leasing arrangement, as he had recommended in A 21's Century, is statutorily disallowed. Before this court, at the hearing on the merits, DOT raised the issue of Joseloff's standing and aggrievement to bring this appeal, and this issue must be addressed as it is one of subject matter jurisdiction. General Statutes § 4-183 (a); NewEngland Rehabilitation Hospital of Hartford, Inc. v. CHHC, 226 Conn. 105,120 (1993).
The principles of aggrievement are settled:
 The fundamental test for determining aggrievement encompasses a wellsettled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. . . ."
(Brackets omitted; citations omitted; internal quotation marks omitted.)New England Cable Television Assn., Inc. v. DPUC, 247 Conn. 95, 103
(1998).
In his brief and at oral argument, Joseloff identified at least five ways in which he is aggrieved, and the court rejects each of these points. (See Plaintiff's Brief in Support of Appeal, pp. 7-9.) Joseloff first argues that the declaratory ruling interferes with his ability to advise clients on proposed lease arrangements. Our Appellate Court has rejected such a claim as follows: "Ordinarily, an allegation that a CT Page 14146 governmental action will result in competition harmful to the complainant's business would not be sufficient to qualify the complainant as an aggrieved person." (Citations omitted; internal quotation marks omitted.) Connecticut Post Ltd. Partnership v. South Central ConnecticutRegional Council of Governments, 60 Conn. App. 21, 28 (2000). An attorney under these circumstances cannot claim that he or she has a specific personal and legal interest in the decision, or every attorney in the state, regardless of whether they participated in the administrative proceedings, would be aggrieved by any final decision of a state agency which is contrary to that attorney's interpretation of the law.
Second, Joseloff points to the malpractice action filed against him. (See supra n. 1, 3.) This legal action is dated June 23, 1999, and involves Joseloff's advice which led to the June 24, 1998, rejection of A 215c Century's certification. This action is not related to Joseloff's request for a declaratory ruling of June 29, 1999, but to prior legal advice issued by Joseloff to a client. It does not provide a specific personal and legal interest in the subject matter of the declaratory ruling.
The third ground raised by Joseloff is injury to his legal reputation and the fourth ground is loss of a legal fee and costs of defending a legal malpractice suit. These matters are all speculative; they were rejected as a ground of aggrievement in Cronc v. Gill, 250 Conn. 476,480-81 (1999):
 The plaintiff has offered no specific proof however, as to how, or to what extent, his reputational or pecuniary interests have been affected by the disqualification order. Allegations and proof of mere generalizations and fears are not enough to establish aggrievement. Moreover, even if the plaintiff's allegations of harm had been more specific, we have doubts about whether the injury that he allegedly has suffered as a result of his disqualification would be sufficient to satisfy the first prong of the aggrievement test. We need not decide whether these alleged injuries satisfy the first prong of the aggrievement test, however, because we conclude that they do not meet the second prong. . . . The plaintiff cites no authority . . . for extending the general right to practice law to include the right to represent a particular client in a particular case or to hold a particular job.
(Citations omitted; internal quotation marks omitted.) CT Page 14147
Joseloff also claims that the precatory comment in the June 24, 1998 DOT decision preserves his standing. The decision has, however, been amended to delete the comment and Joseloff has released DOT from the possibility of an appeal concerning this issue. Therefore, no "legally protected interest . . . has been adversely affected . . . (Citations omitted; internal quotation marks omitted.) New England Cable TelevisionAssn., supra, 247 Conn. 103; see also Nader v. Altermatt, 166 Conn. 43,55 (1974).
Accordingly, the plaintiff's appeal is dismissed for lack of subject matter jurisdiction.
Henry S. Cohn, Judge